# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 1:08-CV-0367-CAP-CCH |
| ) | |
| BLOUNT CONSTRUCTION ) | |
| COMPANY ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "EEOC") against Defendant Blount Construction Company (hereinafter the "Defendant") pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) (hereinafter referred to as the "ADA") and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendant

acted unlawfully by discriminating against Virgilio Modica based on his disability in violation of the ADA.  In its Complaint, the Commission sought make-whole relief including, but not limited to, compensatory damages, punitive damages, injunctive and other affirmative relief.  The Defendant filed its Answer denying the allegations made by the Commission.  Defendant continues to deny that it committed the alleged unlawful acts as contained in the Commission's Complaint.

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree, and the undertakings made by Defendant hereunder, are in settlement and compromise of disputed claims of disability discrimination in violation of the ADA.  All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of the ADA.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of the ADA.

Now, therefore, this Court, being fully advised in the premises, IT IS

HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## I. NON-DISCRIMINATION

Defendant, to ensure equal opportunity in the employment process, is enjoined from making any decisions affecting hiring, promotion, compensation, job assignment, sick and disability leave, discharge, and other terms, conditions, and privileges of employment, based on race, color, sex, pregnancy, religion, national origin, age, or disability.

## II. NON-RETALIATION

Defendant is enjoined from engaging in any form of retaliation against any person because such person has opposed any practices they believe are in violation of the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## III.   REVISION OF EQUAL EMPLOYMENT POLICY

Defendant agrees that, immediately upon entry of this Consent Decree, it will revise its equal employment policy located on page 7 of its Employee Handbook and Safety Manual to include disability status as a protected criterion upon which it will not discriminate in any aspect of the employment process.

Moreover, Defendant also agrees to add a provision to its equal employment policy setting forth a policy regarding its obligation under the ADA to provide reasonable accommodations to disabled employees as well as applicants for employment, and establishing a procedure for employees and applicants to request a reasonable accommodation.  Within thirty (30) days from the entry of this Decree, Defendant shall provide a copy of its revised equal employment policy to the Regional Attorney for the Atlanta District Office.

## IV.  **NOTICES TO BE POSTED**

Defendant shall keep posted at its facility the notice required to be posted pursuant to Section 106 of the ADA, and, for at least two (2) years immediately following the entry of this Decree, shall also keep conspicuously posted a copy of the Notice attached to this Decree at Defendant's facility.  Within forty-five (45) days from the entry of this Decree, Defendant shall instruct its management and supervisory personnel regarding the full meaning of those notices and this Consent Decree.  The posting required by this paragraph shall be conspicuously made on bulletin boards or locations selected so that each employee at the facility will observe at least one such posting when at the facility.  Defendant shall certify the completion and locations of the posting and instruction to the Commission within

forty-five (45) days from the entry of this Consent Decree.  All written certifications required by this Section shall be addressed to Robert Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall permit the Commission to enter upon Defendant's premises, with reasonable written notice, to monitor compliance with this Section.  Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is promptly posted in the same manner as heretofore specified.

## V. INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its facility have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by the ADA.  All written certifications required by this Section shall be addressed to the Regional Attorney at the EEOC's Atlanta District

Office at the above-referenced address.

## VI. <u>REPORTING REQUIREMENT</u>

For the duration of the term of this Decree, Defendant agrees that any complaint arising at its facility, and brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging disability discrimination shall be reported to the Regional Attorney in the Atlanta District Office. Every six months for the duration of this Consent Decree, Defendant shall submit a summary report to the Regional Attorney specifying whether any employee has complained of disability discrimination. If an employee has so complained, then the summary report shall state in written affidavit form the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant's official who learned of the complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint or report, and

(g) A statement of how the complaint or report was addressed by Defendant. The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## VII. <u>MONETARY RELIEF</u>

Defendant, in settlement of all alleged claims, shall provide to Charging Party Virgilio Modica a lump sum payment in the amount of $20,000. A copy of the check to Mr. Modica will be mailed within ten (10) working days of its initial mailing to Robert Dawkins, Regional Attorney in the EEOC Atlanta District Office, whose address is 100 Alabama Street, Suite 4R30, Atlanta Georgia 30303.

## VIII.   <u>TRAINING</u>

Defendant shall, in an appropriate location, hold a training session for all of its managers and supervisory personnel employed at its facility, the cost of which shall be borne by Defendant. Said training session shall address the Defendant's and its employees' equal employment opportunity rights and obligations pursuant to the ADA, including, but not limited to: 1) the company's obligation not to discriminate or retaliate against any employee in violation of the ADA; and 2) the

employer's obligation to provide a reasonable accommodation to disabled employees. The above referenced training shall be completed within sixty (60) days of the Court's entry of this Consent Decree.  On or before that date, Defendant shall certify to the Regional Attorney that such training has been completed.

Defendant shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training contemplated by this Section VIII will be accomplished.  Defendant shall provide written certification to the EEOC of training completed pursuant to this Section VIII within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training.  If written training materials are utilized, the Commission shall be supplied with a copy prior to the training.

## IX.  **DISPUTE RESOLUTION**

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify

Defendant in writing by certified mail to Robert Luskin, Attorney for Defendant, if it has any reason to believe that any action or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation.  If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.  Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by Section IX from being fully and completely processed in the manner described in Section IX, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## X. COMPLIANCE OFFICIAL

Dale Cronaur shall be responsible for compliance with this Consent Decree, and shall also be responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.

## XI.  TERM OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.  If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from the date of entry of this Consent Decree, unless the Court acts or the EEOC has, prior to the expiration

of said twenty-four (24) month period, moved to enforce compliance with the Consent Decree.  If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24) month period have been resolved.  Therefore, this Court shall retain jurisdiction over this action as described above and shall thereafter dismiss this cause with prejudice in accordance with Court procedures.

## XII.  OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arise out of EEOC Charge Number 110-2006-00410, the EEOC's investigation of the charge, or this lawsuit.  This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 17(a) of the ADA on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in

Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto.  Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

### XIII.  MISCELLANEOUS PROVISIONS

The EEOC and Defendant shall each bear their own respective costs and attorneys fees for this action.

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger.  This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

The parties hereto and undersigned attorneys of record for the EEOC and Defendant in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT:**

Counsel for Plaintiff:                           s/Robert Dawkins
                                                 Robert Dawkins
                                                 Regional Attorney
                                                 Georgia Bar No. 076206

                                                 EEOC - ATLANTA DISTRICT OFFICE
                                                 100 Alabama Street, SW
                                                 Suite 4R30
                                                 Atlanta, Georgia 30303
                                                 (404) 562-6818 - phone
                                                 (404) 562-6905 - fax


Defendant:                                       s/Robert A. Luskin
                                                 On Behalf of Blount Construction Company


Counsel for Defendant:                           s/Robert A. Luskin
                                                 Robert A. Luskin, Esq.
                                                 Goodman McGuffey Lindsey & Johnson, LLP
                                                 2100 Tower Place
                                                 3340 Peachtree Road
                                                 Atlanta, GA 30326

APPROVED, DONE, and SIGNED this <u>24th</u> day of <u>   October   </u>, 2008.

<u>/s/Charles A. Pannell, Jr.  </u>
District Judge
U.S. District Court of Georgia
Northern District of Georgia, Atlanta Division

# **N O T I C E**

1. This notice to all employees of Blount Construction Company (hereinafter the "Company") shall be posted for twenty-four (24) months as part of an agreement between the Company and the Equal Employment Opportunity Commission, EEOC.

2. Federal Law, in general, prohibits discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions and privileges of employment.

3. The Company supports and will fully comply with such Federal Law and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

4. This notice will remain posted for twenty-four (24) months, until September 2010.

Signed this _____ day of _____, 2008.

_____

On Behalf of Blount Construction Company

**DO NOT REMOVE THIS NOTICE UNTIL**

September 2010

15